**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILTON FISHER, | No. 13-15784 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00609-AWI-BAM |
| v. | |
| S. ADAIR, Psychologist at California Correctional Institution, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 7, 2014[**]

Before:      TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Hilton Fisher appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that his constitutional

rights were violated following statements he made to defendant during a mental

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

health screening.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm.

The district court properly dismissed Fisher's Eighth Amendment claim because Fisher failed to allege facts showing that defendant disregarded an excessive risk to Fisher's safety.  *See Farmer v. Brennan*, 511 U.S. 825, 845, 847 (1994) (a prison official acts with deliberate indifference by failing to take reasonable measures to abate a substantial risk of serious harm to an inmate); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Fisher's equal protection claim because Fisher failed to allege facts showing that defendant intentionally treated him differently from others who were similarly situated without a rational basis, *see N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), or intentionally discriminated against him on the basis of his membership in a protected class, *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005); *see also Hebbe*, 627 F.3d at 341-42.

13-15784

The district court properly dismissed Fisher's due process claim because Fisher failed to allege facts that give rise to a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (protected liberty or property interest arises under Due Process Clause only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Hebbe*, 627 F.3d at 341-42.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**